RECEIVED

AUG 1 6 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**KERR COUNTY, TEXAS**

| | |
|---|---|
| THOMAS DAUGHERTY READER, ) | |
| ) | |
| Plaintiff, ) | **JURY TRIAL DEMANDED** |
| ) | |
| v. ) | Cause No. |
| ) | |
| DEPUTY ERIC GRAHAM, in his official ) | |
| and individual capacities, ) | |
| ) | |
| DEPUTY JIMMY VASQUEZ, JR., in his ) | |
| official and individual capacities, and ) | |
| ) | |
| KERR COUNTY, TEXAS, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff Thomas Daugherty Reader, for his complaint against Defendants Deputy

Eric Graham, Deputy Jimmy Vasquez, Jr. and KERR COUNTY, TEXAS, states as follows:

**INTRODUCTION**

1.      This is an action for money damages, declaratory, and injunctive relief brought

pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United

States Constitution, and under the law of the State of Texas, against Deputy Eric Graham and

Deputy Jimmy Vasquez, Jr., Sheriff's Deputies for the County of Kerr, TX, in their individual

and Official capacities and against the Kerr County Sheriff's Office.

2.      Plaintiff Thomas Daugherty Reader alleges that Defendants Graham and Vasquez

made an unreasonable search and seizure of his person, falsely imprisoned him by approaching

him and physically restraining him without cause and maliciously prosecuted him. Plaintiff alleges that these constitutional violations were committed as a result of the policies and customs of Kerr County, and that the Kerr County Sheriff's Office is liable under the theory of respondeat superior for the torts committed by Defendants Graham and Vasquez.

## JURISDICTION AND VENUE

3.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C.§1983. This Court has supplemental jurisdiction over plaintiff's causes of action arising under the Texas State law pursuant to 28 U.S.C. § 1367.

4.    Venue lies in the United States District Court for the Western District of Texas because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Kerr County, Texas. 28 U.S.C. § 1391(b)(2).

5.    Divisional venue is in the Western Division because the events leading to the claim for relief arose in Kerr County.

## PARTIES

6.    Plaintiff Thomas Reader is an adult citizen and resident of the City of Kerrville, Texas. He delivers for DoorDash and is the single father of three school-aged children.

7.    Defendant Eric Graham is a Deputy with the Kerr County Sheriff's Department when the relevant events occurred. He is sued in his individual and official capacities.

8.    Defendant Jimmy Vasquez, Jr. is a deputy with the Kerr County Sheriff's Department who was riding with Deputy Graham. He failed to take reasonable steps to end the unlawful conduct alleged in this complaint. He is sued in his individual and official capacities.

9.    Defendant Kerr County, Texas is located in the Western District of the State of Texas. It is a municipal corporation and the public employer of Defendants Graham and Vasquez.

## BACKGROUND

10.     On or about July 19, 2022, at about 1:30 p.m., Plaintiff Thomas Reader was driving to the Kerrville Public Utilities Board (KPUB) office to pay his electric bill. He properly signaled to enter the parking lot.

11.     Defendant Graham pulled his car in behind Plaintiff's car, after Plaintiff had exited his vehicle. The Plaintiff stood beside his vehicle and gestured, as if to ask what was going on.

12.     Defendant Graham asked for Plaintiff's license, to which Plaintiff refused, invoking his fourth amendment right to privacy.

13.     Defendant Graham asked Plaintiff to turn around, to which Plaintiff asked, "Why?". Graham stated clearly that Plaintiff was known not to have a valid driver license and proceeded to handcuff Plaintiff. Plaintiff responded that his occupational license was valid and asked if he could then get it out. Plaintiff was not allowed to show the Defendants that his occupational license was valid due to being handcuffed, violating Plaintiff's right to due process.

14.     Defendant Graham proceeded to remove Plaintiff's wallet from his pocket and remove Plaintiff's license from said wallet. Defendant Vasquez did nothing to stop the violation of Plaintiff's freedom of unreasonable search and seizure.

15.     After finding that the Plaintiff's occupational license was valid, Defendant Graham stated they pulled him over for failure to signal, which had not been previously stated when they detained him. Defendant Vasquez did not disagree with this malicious prosecution.

16.     After being handcuffed for 11 minutes and 20 seconds, in the presence of his 16-year-old daughter, Plaintiff was finally released from the cuffs.

17.     Plaintiff was given a citation for "failure to signal turn", which was dismissed because dash camera video clearly shows he did signal.

18.     This stop lasted over 16 minutes.

19.     As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

      a.     Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

      b.     Loss of his physical liberty;

      c.     Intentional, offensive contact with his body; and

      d.     Malicious prosecution; undue process.

20.     The actions of Defendants violated the following clearly established and well settled federal constitutional rights of Plaintiff:

      a.   Right to privacy;

      b.   Freedom from the unreasonable search and seizure of his person; and

      c.   Right to due process.

21.     At all relevant times, Defendants Graham and Vasquez were acting under color of law and under color of authority as deputies, employees, and agents or servants of the County of Kerr, Texas and as agents of the State of Texas.

## COUNT I

### 42 U.S.C. §1983 Against Defendants Graham and Vasquez

22.     Plaintiff re-alleges and incorporates by reference ¶¶ 1–21.

23.     Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set forth above against Defendants Graham and Vasquez for violation of his constitutional rights under color of law.

## COUNT II

### False Imprisonment Against Defendants Graham and Vasquez

24.    Plaintiff re-alleges and incorporates by reference ¶¶ 1–21.

25.    Defendants Graham and Vasquez falsely imprisoned Plaintiff by unlawfully detaining him against his will for a prolonged time. Defendant Vasquez participated in the unlawful detention.

## COUNT III

### Malicious Prosecution Against Defendants Graham and Vasquez

26.    Plaintiff re-alleges and incorporates by reference ¶¶ 1–21.

27.    Defendants Graham and Vasquez maliciously prosecuted Plaintiff by unlawfully citing him with false allegations of failure to signal turn when original suspicion was invalidated.

## COUNT IV

### 42 U.S.C. § 1983 Against Kerr County

28.    Plaintiff re-alleges and incorporates by reference ¶¶ 1–27.

29.    Prior to July 19. 2022, the Kerr County Sheriff's Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the County of Kerr, which caused the violation of Plaintiff's rights.

30.    It was the policy and/or custom of the Kerr County Sheriff's Department to fail to exercise reasonable care in hiring its deputies, including Defendants Graham and Vasquez, thereby failing to adequately prevent constitutional violations on the part of its deputies.

31.    It was the policy and/or custom of the Kerr County Sheriff's Department to inadequately supervise and train its deputies, including Defendants Graham and Vasquez, thereby failing to adequately discourage further constitutional violations on the part of its deputies.

32.     As a result of the above-described policies and customs, deputies of Kerr County, including Defendants Graham and Vasquez, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

33.     The above described polices and customs demonstrate a deliberate indifference on the part of Kerr County to the constitutional rights of persons within Kerr County, and were the cause of the violations of Plaintiff's rights alleged herein.

COUNT V

Respondeat Superior of Kerr County, Texas

34.     Plaintiff re-alleges and incorporates by reference ¶¶ 1–33.

35.     Defendant Kerr County is liable for the malicious prosecution and false imprisonment committed against Plaintiff by Defendants Graham and Vasquez. The County of Kerr employed the deputies, who committed assault and false imprisonment while acting in the scope of their employment.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A.     Enter judgment in favor of Plaintiff and against Defendants;

B.     Enter an order declaring Defendant Graham's conduct unconstitutional;

C.     Award Plaintiff compensatory and punitive damages against Defendants;

D.     Enter a permanent injunction, upon proper motion, requiring Defendant Kerr County, Texas to adopt appropriate policies related to the hiring and supervision of its deputies; and

E.     Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United

States, as to all claims for damages.


Respectfully submitted,


_____
Plaintiff/ Thomas Daugherty Reader
2036 Brian Drive
Kerrville, Texas  78028
Telephone: (830)285-3771