IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THOMAS DAUGHERTY READER,<br><br>*Plaintiff,*<br><br>vs.<br><br>DEPUTY ERIC GRAHAM, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, KERR COUNTY SHERIFF'S OFFICE; DEPUTY JIMMY VASQUEZ JR., IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, KERR COUNTY SHERIFF'S OFFICE; AND KERR COUNTY, TEXAS,<br><br>*Defendants.* | 5-23-CV-01024-JKP-RBF |

## **ORDER**

Before the Court is *pro se* Plaintiff Thomas Daugherty Reader's Application to Proceed in District Court Without Prepaying Fees or Costs. *See* Dkt. No. 1. The Application was automatically referred for disposition, pursuant to 28 U.S.C. § 636(b) and the October 8, 2019, Standing Order regarding Court Docket Management of Cases Involving Applications to Proceed in Forma Pauperis for the San Antonio Division of the Western District of Texas. Authority to enter this Order stems from 28 U.S.C. § 636(b)(1)(A).

Having considered the Application and the affidavit of indigency provided by Plaintiff, the Court **GRANTS** the request to proceed *in forma pauperis* ("IFP"), Dkt. No. 1.

### **IFP Application**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28

U.S.C. § 1914(a). The District Court also generally imposes an administrative fee of $52.00.[1] The Court, however, may waive the initial filing fee and costs where a plaintiff submits an affidavit indicating that he or she is unable to pay these fees and costs. *See* 28 U.S.C. § 1915(a)(1). When evaluating a request to proceed IFP, a court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Such an examination "entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* A district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).

In his Application, Reader declares under penalty of perjury that he is employed and has an income of $900 per month. He also receives $612 per month in child support payments. Reader identifies his car as his only asset, and he asserts that he has no savings. Reader has three dependents. He lists monthly expenses for housing and utilities totaling $900. Based on this information, Reader has sufficiently shown that imposition of the full filing fee would cause an undue financial hardship.

### Section 1915(e) Analysis

Pursuant to 28 U.S.C. § 1915(e), the Court is required to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant enjoying immunity from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). An action

---

[1] *See Fee Schedule*, W.D. Tex., https://www.txwd.uscourts.gov/court-information/fee-schedule/ (last visited Jan. 24, 2023).

is frivolous where there is no arguable legal or factual basis for the claims. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In evaluating whether a complaint states a claim under § 1915(e)(2)(B), courts apply the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007)). These factual allegations need not be highly detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id*. at 555-56.

### Service on Defendants is Warranted

The Complaint raises claims against Defendant Deputy Graham and Defendant Deputy Vasquez via 42 U.S.C. § 1983, alleging violations of Reader's Fourth Amendment right to be free from an unreasonable search and seizure, as well as state law claims of malicious prosecution and false imprisonment. Deputies Graham and Vasquez are alleged to be deputies with the Sheriff's Office of Kerr County, Texas. The Complaint brings claims against Kerr County via 42 U.S.C. § 1983, alleging the Sheriff's Department has a policy or custom of inadequately hiring, training, and supervising deputies, and failing to adequately discourage deputies from violating the constitutional rights of citizens. The Complaint further brings state law claims against Kerr County under a theory of respondeat superior.

Reader alleges that he was driving his car on July 19, 2022, when he properly signaled to enter a parking lot. He alleges that Graham and Vasquez pulled up behind him, and that Graham then began questioning him as he got out of his vehicle. According to Reader, when he refused to provide his license, he was handcuffed, and Graham reached into his pocket to get his wallet and check for a license. Reader alleges that he was handcuffed for approximately eleven minutes before being released, at which point he was given a citation for "failure to signal turn," even though he had properly signaled.

The Complaint asserts this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Having reviewed Reader's Complaint under the standards set forth in 28 U.S.C. § 1915, the Court finds that service on each of Defendants is warranted. The Court does briefly note, however, that there are reasons to believe that several—but not necessarily all—claims as currently pleaded will not survive dispositive motions. But this is best addressed through the adversarial process via motions practice or otherwise. The parties are reminded to read and comply with the Order addressing motions to dismiss, which will be placed on the docket in the near future.

## Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Dkt. No. 1, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, Dkt. No. 1-1, shall be filed by the Clerk without prepayment of fees, costs, or the giving of security therefor, and the Clerk shall, until further court order, waive the collection of any other fees or costs from Plaintiff.

**IT IS FURTHER ORDERED** that, if not already accomplished, within **fourteen (14) days** of the date of this Order, Plaintiff shall either:

- submit to the Clerk's Office a fully completed United States Marshal Service Form 285 ("USM Form"), including fully complete addresses, for each Defendant required to be served, and the United States Marshal's Service shall serve each Defendant with a copy of the complaint and a copy of this order by certified mail, return receipt requested; **or**

- through counsel, request issuance of summons from the Clerk and serve each Defendant required to be served with a copy of the summons, complaint, and a copy of this order by certified mail, return receipt requested, if possible. *See* Fed. R. Civ. P. 4(e)(1) (permitting service pursuant to state law); Tex. R. Civ. P. 106(a)(2) (permitting service by certified or registered mail by a person authorized to serve by Rule 103); Tex. R. Civ. P. 103 (permitting service by certified or registered mail by sheriff, constable, clerk, or any person authorized by law).

**IT IS FURTHER ORDERED** that Defendants shall file an Answer or other response to Plaintiff's Complaint, according to Federal Rule of Civil Procedure 12 following service. Once Defendants' answer or responsive pleadings have been filed, the Court will determine and direct any further proceedings in this matter.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**IT IS SO ORDERED**.

SIGNED this 30th day of August, 2023.

                                              RICHARD B. FARRER
                                              UNITED STATES MAGISTRATE JUDGE