IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **THOMAS DAUGHERTY READER** | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 5:23-CV-1024-JKP |
| **DEPUTY ERIC GRAHAM,** IN HIS OFFICIAL | § | |
| AND INDIVIDUAL CAPACITIES, | § | |
| **DEPUTY JIMMY VASQUEZ, JR.,** IN HIS | § | |
| OFFICIAL AND INDIVIDUAL CAPACITIES, AND | § | |
| **KERR COUNTY, TEXAS** | § | |
| | § | |
| DEFENDANTS. | § | |
| _____ | § | |

## DEFENDANT KERR COUNTY'S MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JASON K. PULLIAM:

NOW COMES the **KERR COUNTY**, Defendant in the above entitled and numbered cause, and files this its Motion to Dismiss Plaintiff's Original Complaint [Dkt. 5] heretofore filed and pursuant to Rule 12(b)(6) FEDERAL RULES OF CIVIL PROCEDURE and after having complied with this Court's Standing Order in civil cases concerning motions to dismiss pursuant Rule 12(b)(6) by having conferred with the Plaintiff over the telephone and after having emailed the Plaintiff pursuant to the Court's Standing Order and in support thereof would respectfully show unto the Court the following:

### I.
### BACKGROUND

The case at bar concerns an incident which occurred on July 19, 2022 near the Kerr County Sheriff's Department wherein Plaintiff Reader was stopped for a traffic violation. Deputy Graham was driving the patrol vehicle with passenger Deputy Jimmy [sic] Emilio Vasquez incorrectly

identified as Jimmy Vasquez in Plaintiff's Original Complaint. Plaintiff Reader was detained, given a traffic citation, and released.

Plaintiff Reader has brought allegations under 42 U.S.C. §1983 against Defendant Deputies Graham and Vasquez and Kerr County. Plaintiff alleges a custom and policy of the Kerr County Sheriff's Department in the hiring and supervising of its deputies, as well as Respondeat Superior found in Counts IV and V of Plaintiff's Original Complaint.

Defendant's counsel personally spoke with Plaintiff Reader informing him of the Court's Standing Order and the County's intent to file a motion to dismiss. This was followed up by an email which is attached hereto as Exhibit A.

## II.
## LEGAL ANALYSIS

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief may be granted. Review is limited to the contents of the complaint and matters properly subject to judicial notice. In analyzing a motion to dismiss for failure to state a claim, the court accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must do more than recite the formalistic elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions and courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead specific facts, not merely conclusory allegations.  When a complaint fails to adequately state a claim such deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.  ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 558 (2007).

**III.**

Defendant **KERR COUNTY** asserts municipal liability under Section 1983 may not be predicated on Respondeat Superior.  ***Piotrowski v. City of Houston***, 237 F.3d 567, 578 (5th Cir. 2001).  Governmental entities such as Kerr County can be found liable under 42 U.S.C. §1983 only where the governmental entity causes the constitutional violation at issue.  ***Monell v. Dept. of Soc. Servs***, 436 U.S. 658, 694 (1978).

Defendant **KERR COUNTY** asserts there are three ways to establish municipal liability under Section 1983:

> "*First, a plaintiff must show written policy statements, ordinances, or regulations. Second, a plaintiff can show a widespread practice that is so common and well settled as to constitute a custom that fairly represents municipal policy.  Third, even a single decision may constitute municipal policy in rare circumstances when the official or entity possessing final policy making authority for an action performs the specific act that forms the basis of the Section 1983 claim.*

***Webb v. Town of Saint Joseph***, 925 F.3d 209, 214 (5th Cir. 2019).  Of relevance to the case at bar, Plaintiff is attempting to establish municipal liability by a pattern or custom or practice that is so common and well settled as to constitute a custom that fairly represents municipal policy. However, to establish a pattern, prior indications cannot simply be for all "bad" or "unwise" acts, but rather must point to the specific violations in question.  ***Estate of Davis Ex Rel. McCulley v. City of North Richland Hills***, 406 F.3d 375, 383 (5th Cir. 2005).

In ***Vardeman v. City of Houston***, 59 F.4th 1045 (5th Cir. 2022), the Fifth Circuit analyzed a Section 1983 claim against a municipality which is analogous to the case at bar.  In ***Vardeman***,

plaintiff brought a Section 1983 action against a police officer in the City of Houston concerning alleged excessive force when the officer punched plaintiff in the face, knocking him to the ground and stood over the plaintiff for a time, after the plaintiff failed to move his vehicle from an airport passenger pick up area.  The trial court granted the City's motion to dismiss and the officer's plea of qualified immunity.  On appeal, the Fifth Circuit reversed as to the police officer but affirmed as to the City of Houston.  The Court held that the Plaintiff cannot establish municipal liability stating any and all "bad" or "unwise" acts but most point to specific violations in question.  The Court held that plaintiff's complaint did not adequately allege a pattern or practice against the municipality and therefore, affirmed dismissal. *Id.* at 1052; *Sanchez v. Young County*, 866 F.3d 274, 280 (5ᵗʰ Cir. 2017).

Defendant **Kerr County** asserts that Plaintiff has failed to state a *Monell* cause of action against Kerr County for failing to exercise reasonable care in the hiring and supervising of its officers.  Plaintiff's allegations fail to state a cause of action against Kerr County under 42 U.S.C. §1983, as a matter of law.  *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997).

**WHEREFORE, PREMISES CONSIDERED** Defendant Kerr County prays that its Motion to Dismiss be in all things granted and for such other and further relief as it may show itself justly entitled.

Respectfully submitted,

LAW OFFICES OF CHARLES S. FRIGERIO, PC
Riverview Towers
111 Soledad, Suite 465
San Antonio, Texas  78205
(210) 271-7877
(210) 271-0602 Telefax
Email: csf@frigeriolawfirm.com
         Firm@frigeriolawfirm.com

BY: //s// Charles S. Frigerio
          CHARLES S. FRIGERIO
          SBN:  07477500
          *Lead Counsel in Charge*

          HECTOR X. SAENZ
          SBN: 17514850
          ATTORNEYS FOR DEFENDANTS
          KERR COUNTY, TEXAS, DEPUTY ERIC GRAHAM AND
          DEPUTY JIMMY VASQUEZ, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant KERR COUNTY'S Motion to Dismiss filed via CM/ECF has been forwarded on this the 16th day of October, 2023 to the Non-ECF Participant via certified Mail:

Thomas Daugherty Reader
Plaintiff Pro Se
2036 Brian Drive
Kerrville, Texas 78028

          //s// Charles S. Frigerio
          CHARLES S. FRIGERIO