UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**THOMAS DAUGHERTY READER,**

    *Plaintiff*,

v.                                    Case No. SA-23-CV-1024-JKP

**DEPUTY ERIC GRAHAM;**
**DEPUTY JIMMY VASQUEZ, JR.; and**
**KERR COUNTY, TEXAS,**

    *Defendants*.

## ORDER GRANTING MOTION TO DISMISS

Before the Court is *Defendant Kerr County's Motion to Dismiss* (ECF No. 9). Pursuant to Fed. R. Civ. P. 12(b)(6), Kerr County seeks to dismiss the claims asserted against it. Plaintiff brings two claims against the County: (1) a municipal liability claim under 42 U.S.C. § 1983 and (2) a claim for respondeat superior. *See* Compl. (ECF No. 1) ¶¶ 28-35. Prior to filing the motion, the County complied with this Court's Standing Order regarding Rule 12(b)(6) motions. After Plaintiff chose not to file an amended complaint, the County filed its motion to dismiss. Plaintiff has filed no response to the motion.

When there is no timely response, "the court may grant the motion as unopposed." *See* W.D. Tex. Civ. R. 7(d)(2). The Court may apply this local rule to dispositive motions. *See Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282-DB, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). But "in the interests of thoroughness," it may address unopposed motions on the merits. *See Suarez*, 2015 WL 7076674, at *2. Under the circumstances of this case, the Court declines to grant the motion merely because Plaintiff has not responded. It instead examines the merits of the motion and applies the well-established standards for stating a claim set out in *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). However, given the lack of response, there is no need to set out a detailed analysis of the law or legal issues.

The County argues that Plaintiff has stated insufficient facts to support his municipal liability claim and that a claim against it may not be predicated on respondeat superior. ECF No. 9 at 2-3. After reviewing the motion, relevant pleading, and applicable law the Court agrees. Thus, for the reasons stated by the County, Plaintiff has failed to state a claim against the County upon which relief can be granted.

In general, the Court considers whether it should grant a plaintiff leave to amend when it has determined that Fed. R. Civ. P. 12(b)(6) warrants dismissal. Leave to amend is not required, however, when plaintiffs have already pled their "best case." *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam). *Id*. at 768. Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Notably, a "party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." *Id*.

Plaintiff has not asked to amend his complaint. Moreover, according to an attachment to the motion, the County complied with this Court's standing order and Plaintiff did not amend his complaint. The Court's Standing Order is intended to advance cases efficiently and to minimize the cost of litigation. *See* ECF No. 6 at 1. Through this Standing Order, "the Plaintiff has already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of a Motion to Dismiss." *Id*. Thus, "if the Court finds any Motion to Dismiss has merit, the Plaintiff shall not be allowed an additional opportunity to amend its Complaint following a properly filed Motion to Dismiss." *Id*. at 1-2 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002)). Based upon all of the foregoing, the Court

finds that Plaintiff has stated his best case and thus declines to exercise its discretion to permit the filing of an amended complaint.

For the foregoing reasons, the Court **GRANTS** *Defendant Kerr County's Motion to Dismiss* (ECF No. 9). **The Clerk of Court shall terminate Kerry County as defendant in this litigation.**

**SIGNED this 22nd day of January 2024.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**