IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **THOMAS DAUGHERTY READER** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. 5:23-CV-1024-JKP |
| **DEPUTY ERIC GRAHAM,** IN HIS OFFICIAL § | |
| AND INDIVIDUAL CAPACITIES, § | |
| **DEPUTY JIMMY VASQUEZ, JR.**, IN HIS § | |
| OFFICIAL AND INDIVIDUAL CAPACITIES, AND § | |
| **KERR COUNTY, TEXAS** § | |
| § | |
| Defendants. § | |
| § | |

## JOINT FED. R. CIV. P. 26 REPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JASON K. PULLIAM:

The conference required by Rule 26(f) of the Federal Rules of Civil Procedure was held via Telephone Conference on March 11, 2024. Plaintiff Pro Se Thomas Daugherty Reader appeared on behalf of himself and Charles S. Frigerio appeared on behalf of the Defendants.

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

**The parties agree that this case is based on Federal Question Jurisdiction 28 U.S.C. §1333.**

2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

**No.**

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

**Plaintiff:** Generally stated, Plaintiff asserts cause of action under 42 U.S.C. §1983 for violations under the Fourth and Fourteenth Amendment, False Arrest.

**Defendants:** Deputy Eric Graham and Jimmy [sic] Emilio Vasquez assert qualified immunity under both prongs of the qualified immunity defense.

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause( s) of action?

**No.**

5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

**Rule 26(f)(3)(a) - Parties proposing extension of timing of discovery is outlined in the attached proposed scheduling order. Disclosures will be made no later than May 1, 2024.**

**Rule 26(f)(3)(b) – Discovery will be needed regarding alleged liability of the defendants, plaintiff's alleged damages and defendants' defenses. The parties believe discovery should not be conducted in phases.**

**Rule 26(f)(3)(c) – The parties are not currently aware of any issues about disclosures, discovery or preservation of electronically stored information. The parties anticipate the form or forms in which that information will be produced will be using CD's, USB Drives or online sharing services. The parties also anticipate seeking entry of a protective order pursuant to the Western District of Texas.**

**Rule 26(f)(3)(d) – The parties are not currently aware of any issues regarding claims of privilege or of protection as trial preparation material.**

**Rule 26(f)(3)(e) – The parties are currently unaware of any changes they believe should be made on the limitations on discovery imposed by the Federal Rules of Civil Procedure or by local rules.**

**Rule 26(f)(3)(f) – The parties do not believe that there are any orders that the Court should issue under 26(c) or Rule 16 (b) and (c).**

6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

**No discovery has been completed at this time and all discovery remains outstanding. The parties hope to complete all discovery as set forth in the proposed scheduling order.**

7. What, if any, discovery disputes exist?

**The parties are not currently aware of any specifically discovery disputes.**

8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

**The parties do not believe that a proposed order pursuant to Federal Rule of Evidence 502 is applicable.**

9. Have the parties discussed mediation?

**No.**

---

Respectfully submitted,

**LAW OFFICES OF CHARLES S. FRIGERIO**
A Professional Corporation
Riverview Towers
111 Soledad, Suite 465
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax
Email: CSF@FrigerioLawFirm.com
Firm@FrigerioLawFirm.com

BY:  //s// Charles S. Frigerio
    CHARLES S. FRIGERIO
    SBN:  07477500

    HECTOR X. SAENZ
    SBN:  17514850
ATTORNEYS FOR DEFENDANTS
**KERR COUNTY, DEPUTIES ERIC GRAHAM AND JIMMY [SIC] EMILIO VASQUEZ**


//s// Thomas Daugherty Reader w/ Permission
Thomas Daugherty Reader
Plaintiff Pro Se
2036 Brian Drive
Kerrville, Texas  78028
Tel. (830) 285-3771
readerbubba@gmail.com